# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| Steve Berrios, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> - against - <br><br> Congo Brands, LLC and Prime Hydration, LLC, <br><br> Defendants | Class Action Complaint <br><br> Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1. Congo Brands, LLC and Prime Hydration, LLC ("Defendants") manufacture Prime Energy and Prime Hydration energy drinks ("Products").

 

2. The Products' popularity and demand "is in large part fueled by their celebrity backers…two prominent YouTubers, Logan Paul and KSI."

3. Logan Paul and KSI "share more than 40 million YouTube subscribers between them, and their marketing of the drink to their own audience on social media, along with other content creators attempting to gain clicks by associating themselves with the drinks, have helped Prime gain status."

4. In January 2023 alone, global sales were reported to be $250 million, with $45 million coming from within the United States.

5. In January this year, Paul said the drink had generated US$250 million in retail sales worldwide, with US$45 million of that in January 2023 alone.

6. According to United States Senate Majority Leader Chuck Schumer, Prime Energy "poses a serious risk to the health of America's teenagers," which is why he called for an investigation by the Food and Drug Administration ("FDA").

7. According to Senator Schumer, "One of the summer's hottest status symbols for kids is not an outfit, or a toy – it's a beverage…[B]ut buyer and parents beware because it's a serious health concern for the kids it so feverishly targets."

8. The Products are targeted to children and teenagers using colorful cans indicative of their fruity flavors, which may include blue raspberry, ice pop, lemon lime, fruit punch, orange mango, and strawberry watermelon.

9. Prime Energy contains 200 mg of caffeine, twice as much than the 100

mg recommended by the American Academy of Pediatrics that 12- to 18-year-olds should consume each day.

10. In fact, it is recommended that children under 12 not have any caffeine.

11. Even for adults who can safely consume 400 mg of caffeine, 200 mg in what looks like a fruity sports drink is unexpected.

12. Caffeine causes unwanted physical effects such as increased heart rate, body temperature, and anxiety.

13. Studies show that "energy drinks may raise blood pressure and may cause changes in heart rhythm."

14. According to one expert, "Energy drinks may trigger anxiety in kids with anxiety disorders as well."

15. Moreover, since "kids aren't good at regulating themselves or making risk-benefit calculations about their current or future health…If they have access to these drinks, they may drink more."

16. While the back of cans of Prime Energy states it is not intended for people under 18 or those sensitive to caffeine, this warning is in small type and difficult to read.

17. For these reasons, Canada asked stores to remove Prime from shelves recently.

18. Representing Prime Energy and Prime Hydration as energy drinks is

misleading because the former only has 10 calories in a 12-ounce can while the latter has 25 calories in a 16.9-ounce bottle.

19. While both are sweet, this is from artificial sweeteners, which is not disclosed on the front label.

20. One nutritionist noted that "An 'energy' drink that's very low in calories doesn't quite make sense," because "Calories, especially from carbohydrates, are what give your body energy."

21. While the "Caffeine [in Prime Energy] can make you feel more alert, [] it won't fuel your body."

## JURISDICTION AND VENUE

22. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

23. The aggregate amount in controversy exceeds $5 million, including any statutory or punitive damages, exclusive of interest and costs.

24. Plaintiff is a citizen of Florida.

25. Defendant Congo Brands, LLC is a citizen of Kentucky because its individual members are natural persons who are residents of Kentucky.

26. The class of persons Plaintiff seeks to represent includes persons who are citizens of a different state from the members of Defendant Congo Brands, LLC.

27. The members of the class Plaintiff seeks to represent are more than one

hundred, because the Products have been sold at thousands of physical locations in Florida, such as grocery stores, convenience stores, big box stores, warehouse club stores, gas stations, drug stores and other markets, and available to Florida consumers from internet stores.

28. Venue is in the Orlando Division in this District because Plaintiff resides in Orange County and a substantial part of the events or omissions giving rise to these claims occurred in Orange County, his purchase and consumption of the Products in reliance on the labeling and marketing identified here.

## **PARTIES**

29. Plaintiff Steve Berrios is a citizen of Orange County, Florida.

30. Defendant Congo Brands, LLC is a Delaware limited liability company with a principal place of business in Kentucky.

31. The members of Congo Brands are citizens of Kentucky.

32. Defendant Prime Hydration, LLC is a Delaware limited liability company with a principal place of business in Delaware.

33. The members of Prime Hydration are not citizens of Florida.

34. Congo Brands owns and controls Prime Hydration, LLC and is responsible for the Products' marketing, sale and distribution within Florida and the United States.

35. Plaintiff did not expect Prime Energy would contain potentially harmful

levels of caffeine, not just for adults, but especially for children.

36. Plaintiff expected Prime Energy and Prime Hydration would provide energy, even though both could not provide energy because of their low caloric content.

37. Plaintiff is a parent and would not want his child or children to consume Prime Energy and Prime Hydration for the reasons indicated here.

38. Plaintiff read and relied on the Products' marketing and was aware of their popularity due to association with leading internet celebrities Logan Paul and KSI, vivid colors, sleek cans, fruity flavors, and popularity.

39. Plaintiff was unaware the Products contained artificial sweeteners.

40. Plaintiff relied on the words, terms coloring, descriptions, layout, packaging, and/or images on the Products, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendants or at its directions, in digital, print and/or social media, which accompanied the Products and separately, through in-store, digital, audio, and print marketing.

41. Plaintiff purchased the Products on one or more occasions within the statutes of limitations for each cause of action alleged, at grocery stores, convenience stores, big box stores, warehouse club stores, gas stations, drug stores, and/or other similar locations where the Products are sold, in Orange County, between 2022 and the present.

42. Plaintiff chose between Defendants' Products and products represented similarly, but which did not misrepresent or omit their attributes, requirements, instructions, features, and/or components.

43. Defendants sold more of the Products and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

44. As a result of the false and misleading representations, the Products is sold at a premium price, approximately no less than $2.19 for 12 oz for Prime Energy and $2.39 for 16.9 oz for Prime Hydration, excluding tax and sales, higher than similar products represented in a non-misleading way, and higher than they would be sold for absent the misleading representations, marketing, and omissions.

45. Plaintiff bought the Products at or exceeding the above-referenced price.

46. Plaintiff paid more for the Products than he would have paid had he known the representations, marketing and omissions were false and misleading, as he would not have bought them or would have paid less.

## CLASS ALLEGATIONS

47. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following class:

> **Florida Class:** All persons in the State of Florida who purchased the Products within the statutes of limitations for each cause of

action alleged.

48. Common questions of issues, law, and fact predominate and include whether Defendants' representations were and are misleading and if Plaintiff and class members are entitled to damages.

49. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

50. Plaintiff is an adequate representative because his interests do not conflict with other members.

51. No individual inquiry is necessary since the focus is only on Defendants' practices and the class is definable and ascertainable.

52. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

53. Plaintiff's Counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

## CAUSES OF ACTION

## COUNT I

### Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*

54. Plaintiff incorporates by reference preceding paragraphs 1-21.

55. Plaintiff brings this claim on his own behalf and on behalf of each member of the Florida Class.

56. Defendants violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of its business.

57. Defendants misrepresented the Products through statements, omissions, ambiguities, half-truths and/or actions, by marketing them to consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products.

58. Defendant misrepresented the Products as energy drinks even though they have very few calories and therefore cannot provide energy.

59. The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and especially children and teens, into believing the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

60. Plaintiff and class members relied upon these representations and

omissions in deciding to purchase the Products.

61. Plaintiff's reliance was reasonable because of Defendants' reputation as backed by internet megastars Logan Paul and KSI, who are role models for millions of children in America and around the world.

62. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

63. Defendants' conduct offends established public policy and is immoral, unethical, oppressive, and unscrupulous to consumers.

64. Plaintiff and class members are entitled to damages in an amount to be proven at trial.

## COUNT II

### False and Misleading Adverting, Fla. Stat. § 817.41

65. Plaintiff incorporates by reference preceding paragraphs 1-21.

66. Plaintiff brings this claim on his own behalf and on behalf of each member of the Florida Class.

67. Defendants made misrepresentations and omissions of material fact, that the Products were (1) appropriate and recommended for consumers, especially children and teens children, even though public health agencies recommend against consumption of these types of products and (2) energy drinks even though they have

very few calories and therefore cannot provide energy, through its advertisements and marketing, through various forms of media, Products descriptions, and targeted digital advertising.

68. Defendants' false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

69. Defendants knew that these statements were false and/or misleading.

70. Defendants intended for consumers, especially children and teens, to rely on its false statements for the purpose of selling the Products.

71. Plaintiff and class members did in fact rely upon these statements.

72. Reliance was reasonable and justified because of the Products' promotion by leading internet celebrities Logan Paul and KSI.

73. Surveys have or would show that many children and teens want to emulate the social media stars they see often online.

74. As a result of Defendants' misrepresentations, Plaintiff and class members suffered damages in the amount paid for the Products.

75. Plaintiff and class members are entitled to damages as set forth above.

## COUNT III

## Breaches of Express Warranty,
## Implied Warranty of Merchantability/Fitness for a Particular Purpose and
## Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

76. Plaintiff incorporates by reference preceding paragraphs 1-21.

77. The Products were manufactured, identified, marketed, and sold by Defendants and expressly and impliedly warranted to Plaintiff and class members that they were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

78. Defendants directly marketed the Products to Plaintiff and especially to children and teens, through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, and/or targeted digital advertising.

79. Defendants knew the attributes that potential customers like Plaintiff and especially children and teens were seeking, such as products in high demand, around which a "buzz" was created, due to endorsement by leading internet celebrities and influencers Logan Paul and KSI and developed its marketing and labeling to directly meet those needs and desires.

80. The representations were conveyed in writing and promised the Products

would be defect-free, and Plaintiff understood this meant they were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

81. Defendants affirmed and promised that the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

82. Defendants described the Products so Plaintiff and consumers, especially children and teens, believed the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide energy, which became part of the basis of the bargain that they would conform to their affirmations and promises.

83. Defendants had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Products.

84. This duty is based on Defendants' outsized role in the market for energy

drinks, an emerging and leading seller across all demographics, based in part on their internet "buzz" due to association with and promotion by leading internet celebrities.

85.  Plaintiff recently became aware of Defendants' breach of the Products' warranties.

86.  Plaintiff provided or provides notice to Defendants, its agents, representatives, retailers, and their employees that it breached the Products' express and implied warranties.

87.  Defendants received notice and should have been aware of these issues due to complaints by third parties, including regulators in Canada, Australia, New Zealand and the United States, competitors, and consumers, to its main offices, and by consumers through online forums.

88.  The Products did not conform to their affirmations of fact and promises due to Defendants' actions.

89.  The Products were not merchantable because they were not fit to pass in the trade as advertised, not fit for the ordinary purpose for which they were intended and did not conform to the promises or affirmations of fact made on their packaging, container, or label, because they were marketed as if they were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide

energy,

90. The Products were not merchantable because Defendants had reason to know the particular purposes for which they were bought by Plaintiff and especially by children and teens, because they were marketed as if they were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide energy, and he relied on Defendants' skill and judgment to select or furnish such suitable products.

## COUNT IV

### Fraud
### (Fed. R. Civ. P. 9(b) Allegations)

91. Plaintiff incorporates by reference preceding paragraphs 1-21.

92. Defendants misrepresented that the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

93. The records Defendants are required to maintain, and/or the information inconspicuously disclosed to consumers, especially to children and teens, provided

it with actual and constructive knowledge of this falsity and deception, through statements and omissions.

94. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

95. To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

96. WHO: Defendants made material misrepresentations and/or omissions of fact in its advertising and marketing of the Products by representing they were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

97. WHAT: Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers, especially children and teenagers, into believing the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

98. Defendants knew or should have known this information was material to all reasonable consumers, especially children and teenagers, and impacts their purchasing decisions.

99. Defendants conducted research and/or possessed knowledge on how to capture internet "buzz" and sensation, through practices which may include limiting production and distribution to create artificial scarcity, giving the appearance of greater demand than there was.

100. This would then cause the Products to be viewed as more popular and valued, thus creating more demand.

101. Yet, Defendants represented and/or continues to represent that the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

102. WHEN: Defendants made material misrepresentations and/or omissions detailed herein, including that the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide energy, continuously throughout the applicable Class period(s) and through the filing of this

Complaint.

103. WHERE: Defendants' material misrepresentations and omissions, that the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide energy, were made in the advertising and marketing of the Products, through their sleek design and vivid, fruity colors, which all consumers, especially children and teenagers, would inevitably see and take notice of.

104. HOW: Defendants made written and visual misrepresentations and omissions in the advertising and marketing of the Products, that they were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products and (2) energy drinks even though they have very few calories and therefore cannot provide energy.

105. As such, Defendants' representations and omissions are false and misleading.

106. And as discussed in detail throughout this Complaint, Plaintiff and class members, especially children and teenagers, read and relied on Defendants' representations, marketing and omissions before purchasing the Products.

107. WHY: Defendants misrepresented that the Products were (1) appropriate and recommended for consumers, especially children and teens, even though public health agencies recommend against consumption of these types of products, and (2) energy drinks even though they have very few calories and therefore cannot provide energy, for the express purposes of standing out in the crowded field of energy drinks and inducing Plaintiff and class members, especially children and teenagers, to purchase the Products at a substantial price premium, in part based on demand for products promoted by leading internet celebrities.

108. As such, Defendants profited by selling the misrepresented Products to thousands of consumers, especially to children and teenagers, throughout the State of Florida.

## COUNT V

### Unjust Enrichment

109. Plaintiff incorporates by reference preceding paragraphs 1-21.

110. Defendants obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, especially children and teenagers, who seek restitution and disgorgement of inequitably obtained profits.

### JURY DEMAND AND PRAYER FOR RELIEF

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as Counsel for the class;

2. Awarding monetary, statutory, and/or punitive damages pursuant to applicable laws;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   August 9, 2023

Respectfully submitted,

/s/ William Wright
The Wright Law Office, P.A.
515 N Flagler Dr Ste P300
West Palm Beach FL 33401
(561) 514-0904
willwright@wrightlawoffice.com

*Lead Counsel for Plaintiff*

Sheehan & Associates, P.C.
Spencer Sheehan*
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

*Counsel for Plaintiff*
**Pro Hac Vice* Application Forthcoming